**Robert J. LERNER, Plaintiff,**

v.

**Lawrence M. WITTIG et al.,
Defendants.**

**No. 74–C–343.**

United States District Court,
E. D. Wisconsin.

May 8, 1975.

Lerner & Adelman by Lynn S. Adelman, Milwaukee, Wis., for plaintiff.

Burke & Schoetz by David J. Schoetz, Milwaukee, Wis., for defendants.

ORDER

MYRON L. GORDON, District Judge.

 This matter is before me on the plaintiff's motion for summary judgment and on the defendants' "motion for declaratory judgment," construed here as a motion for summary judg-

ment. The plaintiff challenges the constitutionality of a Whitefish Bay municipal ordinance which proscribes the placement of political signs in residential yards except during the ten days immediately preceding an election. Considerations of comity persuade me that dismissal of this action, without prejudice, is appropriate. Huffman v. Pursue, Ltd. —— U.S. ——, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Cousins v. Wigoda, 463 F.2d 603 (7th Cir. 1972).

On August 10, 1974, the plaintiff posted a sign which measured 15″ x 30″ in the yard of his home at 6051 North Lake Drive, in the Village of Whitefish Bay, Wisconsin. The sign read "Adelman—Democrat for Congress." A primary election was scheduled for September 10, 1974.

On August 10, 1974, the plaintiff was issued a summons to appear before the Whitefish Bay municipal court for allegedly violating § 16.18(1)(c)(2) of the Municipal Code of the Village of Whitefish Bay. That section prohibits the posting of all signs except those

"erected on private property for the ten (10) days or less immediately prior to an election and favoring a candidate for public office or a vote on a referendum."

This action was commenced on August 14, 1974. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343 (4), 2201, 2202; 42 U.S.C. §§ 1981. 1983, and 1985; and the first, ninth, tenth and fourteenth amendments. The complaint, which seeks declaratory and injunctive relief, as well as attorneys fees, was accompanied by a motion for a temporary restraining order enjoining the municipal court's proceedings.

Upon the filing of this action, the defendants—who include Whitefish Bay's municipal justice, village attorney and chief of police—agreed to hold the municipal court proceedings in abeyance pending this court's decision. Consequently the plaintiff's application for an order enjoining the further enforcement of the challenged ordinance, in-

cluding the pending municipal court proceedings, was rendered moot. As counsel for the defendants states at page 2 of his brief, "there is no immediate pressure upon [this] court . . . to resolve the [constitutional] issue."

In Huffman v. Pursue, Ltd., —— U.S. ——, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the United States Supreme Court considered the "seriousness of federal judicial interference with state civil functions." —— U.S. at ——, 95 S.Ct. at 1208. In *Huffman*, the defendant state officials instituted civil proceedings under the state public nuisance statute against the plaintiff's predecessor as operator of a theater displaying pornographic films. The state trial court rendered a judgment in the defendants' favor and ordered the theater closed for a year and the seizure and sale of the personal property used in its operation. Rather than appealing within the state system, the plaintiff—which had taken over operation of the theater prior to the judgment—filed suit in federal district court under 42 U.S.C. § 1983. The district court declared the nuisance statute unconstitutional and enjoined the execution of the state court's judgment. The Supreme Court vacated the district court's order and remanded the case for consideration whether the district court should stay its hand in deference to the federalism principles set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971).

The Supreme Court observed at —— of —— U.S., at 1208 of 95 S.Ct. that

"interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state court's abil-

ity to enforce constitutional principles.' . . .

"The component of *Younger* which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as to a criminal, proceeding. *Younger*, however, also rests upon the traditional reluctance of courts of equity, even within a unitary system, to interfere with a criminal prosecution. Strictly speaking, this element of *Younger* is not available to mandate federal restraint in civil cases. But *whatever may be the weight attached to this factor in civil litigation involving private parties, we deal with a state proceeding which in important respects is more akin to a criminal prosecution than are most civil cases.*" (emphasis added).

Although it noted with approval the approach taken by the court of appeals for this circuit in Cousins v. Wigoda, 463 F.2d 603 (7th Cir. 1972), the Supreme Court declined to make "general pronouncements upon the applicability of *Younger* to all civil litigation. . . ." — U.S. at ——, 95 S.Ct. at 1209. Instead, it proclaimed at —— U.S. at ——, 95 S.Ct. at 1210, that

"a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court unless he can bring himself within one of the exceptions specified in *Younger*."

The plaintiff in this action has failed to demonstrate that the municipal proceeding is motivated by a desire to harass or is conducted in bad faith. Nor has he shown that the challenged ordinance is

"flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."

—— U.S. at ——, 95 S.Ct. at 1212.

Furthermore, it is clear that adequate state remedies are available to the plaintiff. Section 66.12, Wis.Stats. (1973), is entitled "Actions for violation of city or village regulations" and provides in pertinent part:

(1) *Collection of forfeitures and penalties.* (a) An action for violation of a city or village ordinance, resolution or bylaw is a civil action.

. . . . . .

(2) *Appeals.* Appeals in actions to recover forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village may be taken either by the defendant or by such municipality to the circuit court. Appeals from municipal court shall be taken under s. 300.10 . . .."

Section 300.10, Wis.Stats., (1973) is entitled "APPEALS" and provides in pertinent part:

"(5) On appeal from the judgment of a municipal court there shall be a trial de novo. . . ."

Had this action been commenced *prior* in time to the initiation of the municipal proceedings, this court could consider the issue whether federal declaratory relief against the municipal ordinance was required. Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); Zwickler v. Koota, 389 U.S. 241, 251, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). This court would have to determine whether "special circumstances" existed to justify abstention. See Indiana State Employees Association, Inc. v. Boehning et al, 511 F.2d 834 (7th Cir., 1975).

However, in the instant case I believe that the holding of the United States Supreme Court in *Huffman* requires that deference be accorded the municipal proceedings which have already been initiated and which, on appeal, afford a competent tribunal for the resolution of the federal issue involved. See Huffman v. Pursue, Ltd., —— U.S. ——, fn. 21, 95 S.Ct. 1200, 43 L.Ed.2d 482.

Therefore, it is ordered that this action be and hereby is dismissed, without prejudice.